NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| GORDON PICKETT, | : | Hon. Robert B. Kugler |
| | : | |
| Petitioner, | : | Civil No. 12-2239 (RBK) |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | OPINION |
| | : | |
| Respondent. | : | |

**APPEARANCES**:

    GORDON PICKETT, #50695-053
    FCI Fort Dix
    P.O. 2000
    Fairton, NJ 08640
    Petitioner Pro Se

**KUGLER, District Judge**:

    Gordon Pickett, a federal prisoner confined at FCI Fort Dix, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his imprisonment pursuant to a federal sentence imposed in 2009 by the United States District Court for the Eastern District of New York. Having thoroughly reviewed the Petition, as well as the docket in the underlying criminal proceeding, this Court will summarily dismiss the Petition for lack of jurisdiction.

## I. BACKGROUND

    Petitioner challenges his incarceration pursuant to a 168-month term of imprisonment imposed after a jury found him guilty of eight counts relating to his production and possession of counterfeit credit cards and identification cards. See United States v. Pickett, 612 F.3d 147 (2d

Cir. 2010). The Second Circuit affirmed on direct appeal. Id. On September 7, 2010, Pickett filed a motion to vacate under 28 U.S.C. § 2255, which Judge John Gleeson denied on December 15, 2010. See Pickett v. United States, Civ. 10-4121 (JG) order (E.D.N.Y. Dec. 15, 2010). The Second Circuit denied a certificate of appealability on August 9, 2011. Id. at Dkt. 13.

Relying on United States v. Jones, 132 S.Ct. 945 (2012), on January 26, 2012, Pickett filed a request in the Second Circuit to authorize the United States District Court for the Eastern District of New York to consider a second or successive § 2255 motion. See Pickett v. United States, C.A. 12-340 order (2d Cir. April 2, 2012). The Second Circuit denied the request on April 2, 2012, on the ground that Pickett had not shown that his claims relied on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable. See 28 U.S.C. § 2255(h).

On April 13, 2012, Pickett, who is now confined at FCI Fort Dix in New Jersey, filed a form § 2241 petition, accompanied by a memorandum of law. Relying on United States v. Jones, 132 S.Ct. 945 (2012), he argues that his conviction was obtained by use of evidence gained in violation of the Fourth Amendment because the government installed a GPS tracking device on his vehicle without a warrant and monitored his movements for eleven days. (Dkt. 1 at 3.) Pickett also filed a motion to amend the Petition to include the following additional arguments: (1) "THIS COURT HAS JURISDICTION TO ENTERTAIN THIS PETITION BECAUSE THE JONES DECISION DID NOT ANNOUNCE A NEW RULE OF CONSTITUTIONAL LAW;" (2) "THE DECISION IN JONES SHOULD BE RETROACTIVELY APPLIED IN PICKETT'S CASE;" (3) "THE JONES DECISION SHOULD APPLY RETROACTIVELY IN PICKETT'S CASE BECAUSE THE AGENTS DID NOT ACT IN GOOD-FAITH RELIANCE ON ANY

2

BINDING APPELLATE PRECEDENT;" (4) "THE ADMISSION OF THE UNLAWFULLY OBTAINED EVIDENCE SERIOUSLY UNDERMINES THE RELIABILITY OF THE JURY'S FINDING ON THE QUESTION OF GUILT OR INNOCENCE."  (Dkt. 2 at 2, 4, 6, 9.)

## II.  DISCUSSION

A.  Jurisdiction

This Court will grant Pickett's motion to amend the § 2241 Petition and will now consider whether this Court has jurisdiction over the Petition, as amended.  Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless–
> . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255.  See Davis v. United States, 417 U.S. 333 (1974); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).  This is because 28 U.S.C. § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is "inadequate or ineffective." [1]  See 28 U.S.C. § 2255(e).  Specifically, § 2255(e) provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion,

---

[1] The "inadequate or ineffective" language was necessary because the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus."  Swain v. Pressley, 430 U.S. 372, 381 (1977).

> to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); see Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997); Millan-Diaz v. Parker, 444 F.2d 95 (3d Cir. 1971); Application of Galante, 437 F.2d 1164 (3d Cir. 1971) (per curiam); United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954).

A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F. 3d at 538. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id. The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade the statute of limitations under § 2255 or the successive petition bar. Id. at 539.

Here, Petitioner's Fourth Amendment claim is within the scope of claims cognizable under § 2255, and thus he may not seek relief under § 2241 unless the remedy under § 2255 is inadequate or ineffective. Although the Court of Appeals denied leave to file a second or successive § 2255 motion raising the Fourth Amendment claim, "section 2255 is not inadequate or ineffective merely because . . . the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." Cradle, 290 F.3d at 539. Section 2255 is not inadequate or ineffective for Petitioner's Fourth Amendment claim under Jones because he does not contend that, as a result of Jones, the conduct

4

for which he was convicted is now non-criminal.  See Dorsainvil, 119 F. 3d at 250 ("A Supreme Court decision interpreting a criminal statute that resulted in the imprisonment of one whose conduct was not prohibited by law presents exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent") (quoting Davis v. United States, 417 U.S. 333, 346 (1974)); Okereke v. United States, 307 F.3d 117 (3d Cir. 2002).  Moreover, the Third Circuit has held that Fourth Amendment claims do not fall within the "inadequate or ineffective" test.  See Albert v. United States, 381 Fed. App'x 124 (3d Cir. 2010).  Because § 2255 is not an inadequate or ineffective remedy for Petitioner's Fourth Amendment claim under United States v. Jones, this Court lacks jurisdiction to entertain his challenge to his conviction and sentence under § 2241 and will dismiss the Petition for lack of jurisdiction.

### III.  CONCLUSION

The Court dismisses the Petition for lack of jurisdiction.


                        s/Robert B. Kugler
                        **ROBERT B. KUGLER, U.S.D.J.**


Dated:     May 24       , 2012