NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| GORDON PICKETT, | : | Hon. Robert B. Kugler |
| Petitioner, | : | Civil No. 12-2239 (RBK) |
| v. | : |  |
| UNITED STATES OF AMERICA, | : | **OPINION** |
| Respondent. | : |  |

**APPEARANCES**:

> GORDON PICKETT, #50695-053
> FCI Fort Dix
> P.O. 2000
> Fairton, NJ 08640
> Petitioner Pro Se

**KUGLER, District Judge**:

Gordon Pickett, a federal prisoner confined at FCI Fort Dix in New Jersey, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his imprisonment pursuant to a federal sentence imposed in 2009 by the United States District Court for the Eastern District of New York. This Court dismissed the Petition for lack of jurisdiction because a motion under 28 U.S.C. § 2255 was not inadequate or ineffective for his claims. Pickett filed a motion for reconsideration and a motion to amend his motion for reconsideration. This Court will grant the motions and, after reconsideration, again dismiss the Petition for lack of jurisdiction.

## I.  BACKGROUND

After a jury found him guilty of eight counts relating to his production and possession of counterfeit credit cards and identification cards, the United States District Court for the Eastern District of New York, sentenced Petitioner to a 168-month term of imprisonment.  See United States v. Pickett, 612 F.3d 147 (2d Cir. 2010).  On July 20, 2010, the Second Circuit affirmed on direct appeal.  Id.  On September 7, 2010, Pickett filed a motion to vacate under 28 U.S.C. § 2255, which Judge John Gleeson denied on December 15, 2010.  See Pickett v. United States, Civ. 10-4121 (JG) order (E.D.N.Y. Dec. 15, 2010).  The Second Circuit denied a certificate of appealability on August 9, 2011.  Id. at Dkt. 13.

On January 26, 2012, relying on United States v. Jones, 132 S.Ct. 945 (2012), Pickett filed a request in the Second Circuit to authorize the United States District Court for the Eastern District of New York to consider a second or successive § 2255 motion.  See Pickett v. United States, C.A. 12-340 order (2d Cir. April 2, 2012).  The Second Circuit denied the request on April 2, 2012, on the ground that Pickett had not shown that his claims relied on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable.  See 28 U.S.C. § 2255(h).

On April 13, 2012, Pickett filed this § 2241 Petition, accompanied by a memorandum of law.  Relying on United States v. Jones, 132 S.Ct. 945 (2012), he argues that his conviction was obtained by use of evidence gained in violation of the Fourth Amendment because the government installed a GPS tracking device on his vehicle without a warrant and monitored his movements for eleven days.  (Dkt. 1 at 3.)  Pickett also filed a motion to amend the Petition to include the following additional arguments:  (1) "THIS COURT HAS JURISDICTION TO

ENTERTAIN THIS PETITION BECAUSE THE JONES DECISION DID NOT ANNOUNCE A NEW RULE OF CONSTITUTIONAL LAW;" (2) "THE DECISION IN JONES SHOULD BE RETROACTIVELY APPLIED IN PICKETT'S CASE;" (3) "THE JONES DECISION SHOULD APPLY RETROACTIVELY IN PICKETT'S CASE BECAUSE THE AGENTS DID NOT ACT IN GOOD-FAITH RELIANCE ON ANY BINDING APPELLATE PRECEDENT;" (4) "THE ADMISSION OF THE UNLAWFULLY OBTAINED EVIDENCE SERIOUSLY UNDERMINES THE RELIABILITY OF THE JURY'S FINDING ON THE QUESTION OF GUILT OR INNOCENCE."  (Dkt. 2 at 2, 4, 6, 9.)

On May 25, 2012, this Court granted the motion to amend the Petition and dismissed the Petition, as amended, for lack of jurisdiction on the ground that a motion under 28 U.S.C. § 2255 was not an inadequate or ineffective remedy.  See 28 U.S.C. § 2255(e).

On June 12, 2012, Pickett filed a motion for reconsideration, arguing that this Court "overlooked several factual situations and legal conclusions in ruling on his petition."  (Dkt. 8 at 1.)  On July 25, 2012, he filed a motion to amend his motion for reconsideration to include additional arguments.

## II.  DISCUSSION

A.  Reconsideration Motion

This Court will grant Pickett's motion to amend his motion for reconsideration and consider whether reconsideration is warranted.  "The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence."  Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  A proper motion for reconsideration must rely on one of three grounds: (1) an intervening change in controlling law;

3

(2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice.  See N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir.1995).  This Court will grant Pickett's motion for reconsideration on the grounds that he argues that there is a need to correct manifest errors of law.

B.  Jurisdiction

As this Court stated in its prior Opinion, a challenge to the validity of a federal conviction or sentence must generally be brought under 28 U.S.C. § 2255.  See Davis v. United States, 417 U.S. 333 (1974); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).  Moreover, section 2255 itself expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is "inadequate or ineffective."  See 28 U.S.C. § 2255(e) ("An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention"); see also Millan-Diaz v. Parker, 444 F.2d 95 (3d Cir. 1971); Application of Galante, 437 F.2d 1164 (3d Cir. 1971) (per curiam); United States ex rel. Leguillou v. Davis, 212 F.2d 681 (3d Cir. 1954).

Pickett argues here that § 2255 is inadequate or ineffective for his Fourth Amendment claim under United States v. Jones, 132 S.Ct. 945 (2012), because:  (1) he did not have a fair opportunity to raise his Jones claim under § 2255 because the Supreme Court decided Jones in 2012 after he had pursued relief under § 2255 and because the Second Circuit denied his motion to file a second or successive § 2255 motion based on Jones; (2) under Teague v. Lane, 489 U.S.

4

288 (1989), the Supreme Court's decision in Jones should be found retroactive to cases on collateral review; (3) "failure to reach Pickett's § 2241 Petition on the merits would leave him without a judicial remedy of a fundamental defect in his trial and conviction" (Dkt. 8-1 at 9); and (4) section 2255 is an inadequate or ineffective remedy for his claim that the government's use of a GPS tracking device to obtain evidence admitted against him violated the Fourth Amendment under Jones.  In support of his contention that § 2255 is inadequate or ineffective, Pickett asserts that this Court's reliance on Albert v. United States, 381 Fed. App'x 124 (3d Cir. 2010), is misplaced because "Albert did not make a showing that his Fourth Amendment claim was based on an intervening change in the law that is retroactively applicable on collateral review [or] demonstrate any extraordinary circumstances which prevented him from [raising the claim in] a timely § 2255 motion." (Dkt. 8-1 at 10-11.)  In addition, Pickett argues that, unlike Albert, Pickett's first § 2255 motion was not untimely, and he could not have raised his Fourth Amendment GPS claim on direct appeal or in his first § 2255 motion because, prior to the Jones decision, "the law governing the installation and use of GPS tracking devices was unsettled in the Second Circuit." (Dkt. 10 at 2-3.)  He maintains that § 2255 was inadequate or ineffective for his Fourth Amendment claim because Jones was not yet decided at the time of his first § 2255 motion and he never had a reasonable chance to correct an error that is correctable retroactively. (Id. at 4.)

      The problem with Pickett's argument that § 2255 is inadequate or ineffective for his Fourth Amendment Jones claim is that it is foreclosed by binding precedent of the Third Circuit Court of Appeals, i.e., In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).  In Dorsainvil, the Third Circuit rejected the notion that the "safety valve" provision permitting resort to § 2241 was

5

triggered every time there is an intervening decision by the Supreme Court. Rather, the Third Circuit limited access to § 2241 under the "safety valve" to claims that the petitioner is "being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision." Dorsainvil, 119 F.3d at 252. Section 2255 is not inadequate or ineffective for Pickett's Fourth Amendment claim under Jones because Jones did not render Pickett's conduct, i.e., production and possession of counterfeit credit cards and identification cards, non-criminal. See Dorsainvil, 119 F. 3d at 250 ("A Supreme Court decision interpreting a criminal statute that resulted in the imprisonment of one whose conduct was not prohibited by law presents exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent") (quoting Davis v. United States, 417 U.S. 333, 346 (1974)). Because a motion under § 2255 is not inadequate or ineffective for Pickett's Fourth Amendment claim, this Court lacks jurisdiction over the claim under § 2241 and will dismiss the Petition.

### III.  CONCLUSION

The Court grants Petitioner's motions and dismisses the Petition for lack of jurisdiction.


          s/Robert B. Kugler
          **ROBERT B. KUGLER, U.S.D.J.**


Dated:      October 16     , 2012